**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FLINT HILLS TALLGRASS PRAIRIE
HERITAGE FOUNDATION, INC.,

    Plaintiff-Appellant,

v.

SCOTTISH POWER, PLC;
PACIFICORP; PPM ENERGY;
GREENLIGHT ENERGY, INC.; ELK
RIVER WINDFARM, LLC; EMPIRE
DISTRICT ELECTRIC COMPANY,

    Defendants-Appellees.

No. 05-3117
(D.C. No. 05-1025-JTM)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA,** Chief Circuit Judge, **McWILLIAMS,** Senior Circuit Judge, and **EBEL,**
Circuit Judge.

---

**PER CURIAM**.

---

On January 26, 2005, the Flint Hills Tallgrass Prairie Heritage Foundation, Inc.

(the plaintiff) filed a verified class action complaint in the United States District Court for

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3

the District of Kansas.  In the caption to the complaint, the plaintiff described itself as follows:

> **Flint Hills Tallgrass Prairie Heritage Foundation, Inc.,** a not-for-profit public benefit corporation organized and existing for the purpose of protecting the intrinsic values of that unique national and international natural resource treasure which is the Flint Hills Tallgrass Prairie Ecosystem, individually and on behalf of all those entitled to the full benefit, use, and enjoyment of that unique national and international natural resource treasure, the Flint Hills Tallgrass Prairie Ecosystem, not only during this generation but generations yet unborn, and those who are so unfortunate as to be similarly adversely affected and afflicted by the industrial wind turbine commercial electric power generation facilities proposed to be constructed within the Flint Hills Tallgrass Prairie Ecosystem.

The defendants in that action were identified as follows: Scottish Power, PLC; PacifiCorp; PPM Energy, Inc.; Greenlight Energy, Inc.; Elk River Windfarm, LLC; and The Empire District Electric Company, hereinafter referred to as the defendants.

The complaint itself is most prolix, consisting of some 120 pages, more or less, wherein the plaintiff claimed that the defendants' construction in Butler County, Kansas, and elsewhere, of industrial wind turbine power generating facilities would cause permanent and irreparable damage to the Flint Hills regional environmental system.[1] Plaintiff in its complaint asked for equitable relief against the defendants in the nature of a temporary restraining order, or preliminary injunction, or a permanent injunction, "as the interests of justice determine."

---

[1] In this connection, we note that in 1996, Congress enacted the "Tallgrass Prairie National Preserve Act of 1996," 16 U.S.C. § 698u and u1(2).

At the beginning of its complaint, the plaintiff "invoked" the jurisdiction of the district court on the basis of the following: 28 U.S.C. § 1331(a); Article VI, paragraph 2 of the Constitution of the United States; the due process clause of the Fifth Amendment of the United Sates Constitution; the Ninth Amendment of the United States Constitution; the "Treaty with Great Britain for the Protection of Migratory Birds"; and the "Treaty with United Mexican States for the Protection of the Migratory Birds and Game Mammals."

As stated, the plaintiff filed its complaint on January 26, 2005. We are advised that immediately thereafter, the plaintiff sought the issuance of a temporary restraining order. The district court declined to issue a temporary restraining order, but set the case for trial on plaintiff's request for a permanent injunction in February 2005. Prior to the date set for trial, the defendants, on February 2, 2005, filed a motion to dismiss the plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). On February 22, 2005, the district court granted defendant's motion to dismiss and dismissed the complaint with prejudice. Plaintiff filed a notice of appeal on March 9, 2005. Briefing in this Court was complete on June 14, 2005, and we heard oral argument in the case on July 19, 2005.

The defendants' motion to dismiss with prejudice under Fed.R.Civ.P. 12(b)(6) was based on the grounds that the plaintiff had not pled a "cognizable claim for relief." The plaintiff filed a memorandum in opposition to defendants' motion to dismiss with prejudice. As stated, on February 22, 2005, the district court granted defendants' motion

to dismiss, and dismissed plaintiff's complaint with prejudice.  2005 WL 427503 (D. Kan.).  The district court concluded its eight-page memorandum and order with the following:

> In conclusion, the court finds that there is no state action because plaintiff failed to identify an established federal right and failed to show that defendants acted under color of law.  The court could not entertain plaintiff's case under the MBTA [Migratory Bird Treaty Act] because plaintiff failed to demonstrate that it is entitled to bring a private cause of action under the statute.  Finally, based on plaintiff's complaint and response to the motion to dismiss, the court does not find this case to warrant federal equitable intervention.  While courts are accused from time-to-time of tilting at windmills, here the court has no legal basis for doing so, either literally or figuratively.

Suffice it to say that we are in general accord with the district court's memorandum and order, and the authorities cited therein, and, on that basis, we affirm.  Like the district court, we fail to see that an established federal right of the plaintiff has been violated by the defendants' acting under the color of law, nor do we believe, as did the district court, that this is a case that warrants federal equitable intervention.  On this state of the record, we need not comment on the district court's further observation that to hold otherwise, would somehow be "tilting at windmills," a la Don Quixote.[2]

Judgment affirmed.[3]

---

[2] Miguel de Cervantes, *The First Part of the Delightful History of the Most Ingenious Knight, Don Quixote of the Mancha,* Thomas Shelton, trans. (New York: P.F. Collier & Son Corporation, 1909, 1937).

[3] In its brief and at oral argument, plaintiff relied heavily on the "Florissant Fossil Beds Litigation."  In this regard, our court records show that on July 10, 1969, in No.

340-69, *Defenders of Florissant, Inc., et al. v. Park Land Company, et al.,* we entered an unpublished temporary restraining order and ordered that the defendants in that case "be and are hereby restrained from disturbing the soil, sub-soil or geologic formations at the Florissant Fossil Beds by any physical or mechanical means" and that such order was later continued in full force and effect until further order of the court. It would appear that shortly thereafter, Congress resolved the Florissant controversy. In this regard, we agree with the district court that the facts in the present case, as pleaded, are much different than those in Florissant. Certainly, Florissant does not, in our view, dictate a reversal in the present case.